# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VERNON WASHINGTON-JOHNSON<br>1658 Haworth Street<br>Philadelphia, PA 19124<br><br>      Plaintiff,<br>v.<br><br>VERITAS CONSULTANT GROUP, LLC,<br>d/b/a MORAVIA HEALTH NETWORK<br>1500 Walnut Street, Ste. 1900<br>Philadelphia, PA 19102<br>      and<br>MORAVIA HEALTH NETWORK, LLC<br>1500 Walnut Street, Ste. 1900<br>Philadelphia, PA 19102<br>      and<br>CHUKWUDI FRANKLIN IGWE<br>1500 Walnut Street, Ste. 1900<br>Philadelphia, PA 19102<br><br>      Defendants. | CIVIL ACTION<br><br>No. _____<br><br>**COURT NOTIFICATION OF THIS BEING <u>RELATED CASE</u> PURSUANT TO LOCAL RULE 40.1(b)(3)(A) TO RELATED CASE OF *GONZALEZ V. VERITAS*; DOCKET NO: 17-CV-1319**<br><br>**JURY TRIAL DEMANDED** |

## CIVIL ACTION COMPLAINT

Plaintiff, by and through her undersigned counsel, hereby avers as follows:

### I. INTRODUCTION

1. This action has been initiated by Vernon Washington-Johnson (hereinafter referred to as "Plaintiff," unless indicated otherwise) for violations of the Fair Labor Standards Act ("FLSA" - 29 U.S.C. 201, *et. seq.*) and applicable state law(s). Plaintiff asserts herein that he was not paid proper wages <u>and</u> overtime compensation in accordance with applicable state and federal law(s). As a direct consequence of Defendants' actions, Plaintiff seeks damages as set forth herein.

## II. JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. 1331, has jurisdiction over Plaintiff's claims because they arise under a federal law - the FLSA. There is supplemental jurisdiction over Plaintiff's state-law claims herein because they arise out of the same common nucleus of operative facts as Plaintiff's federal claim(s) set forth in this lawsuit.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## III. PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Defendant Veritas Consultant Group, LLC, d/b/a Moravia Health Network (hereinafter "Defendant Veritas" if referred to individually") is a Pennsylvania-based corporation providing home-health care primarily in the Eastern United States.

8. Defendant Moravia Health Network, LLC (hereinafter "Defendant Moravia if referred to individually") is a Pennsylvania-based corporation (albeit identified as incorporated in Delaware) providing home-health care primarily in the Eastern United States.

9. Defendant Chukwudi Franklin Igwe (hereinafter "Defendant Igwe" if referred to individually) is the highest-level manager and owner of Defendants Veritas and Moravia.

10. At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## IV. **FACTUAL BACKGROUND**

11. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

12. Defendant Igwe has publicly provided (and boasted during interviews to some extent) his background identifying *inter alia* that he is Nigerian, attended Ivy League schools, possesses a Masters in Business Administration (a/k/a "MBA"), possesses a Ph.D., and worked in Washington D.C. as a business consultant - - all before establishing Defendants Veritas and Moravia.

13. In or about 2012, Defendant Igwe established and began operating Defendant Veritas. Upon information and belief, in or about 2017, Defendant Igwe transitioned the name of the same enterprise to Defendant Moravia. These entity names are used interchangeably on-line, in documentation, and both appear in state-related corporate filings.

14. Defendants Veritas and Moravia are the same entity, same enterprise, and perform the same operations. They have and remain a single, joint and integrated enterprise employing individuals such as Plaintiff (as discussed *infra*).

15. Defendants, collectively by and through the direction of Defendant Igwe, engage in the business of providing home-health care to infirmed individuals (often elderly). Defendants

are compensated through local, state, federal and/or private medical insurance for the most part and pay home-health aides for care of such individuals in residences.

16. Plaintiff has been an employee of Defendants since in or about mid-February of 2017 (roughly 2 years). Plaintiff has exclusively worked as a home-health aide providing care to a seriously infirmed elderly male during his entire period of employment with Defendants.

17. Upon hire, Plaintiff was assured a pay rate of $12.75 per hour. This pay rate is generally consistent with a range in which other similar hires have been hired at within Defendants.

18. Effective in or about March of 2018, Plaintiff's pay rate was increased by $1.00 per hour to $13.75 per hour. From March of 2018 through the present, the pay rate of $13.75 per hour owed to Plaintiff has remained an unchanged assurance and obligation of Defendants.

19. During Defendants' entire existence and establishment, it has collectively been operated from its headquarters at 1500 Walnut Street, Suite 1900, Philadelphia, PA 19102. But individuals such as Plaintiff have very minimal contact with any management, corporate staff, or interactions with Defendants' headquarters as:

    (A) Groups of individuals are brought in varying intervals for a mostly video-based orientation and training class upon hire;

    (B) Following the orientation and video training on caring for people in their residences, employees work in residences providing home healthcare; and

    (C) Home health aides of Defendants are not even generally aware of the management hierarchy due to so little presence or interaction with any actual office location of Defendants.

20. Defendants – despite holding themselves out as a sophisticated operation – do not have any outside accountants or payroll companies handling or processing payroll for employees. Instead, Defendants intentionally have exercised *complete control* over issuance of

compensation to employees, calculations of payroll due, and amounts they desired to pay to employees. Thus, employees such as Plaintiff have been issued checks for payroll exclusively by and through "Moravia Health."

21. By issuing checks through "Moravia Health," Defendants have been able to manipulate employee income on a national scale resulting in non-payment of tremendous amounts of income to employees. A natural consequence of Defendants' knowing violations of law resulted in a collective action filed against Defendants in the matter of *Gonzalez v. Veritas Consultant Group, LLC, d/b/a Moravia Health Network*; Docket No.: 17-CV-1319.

22. Plaintiff however opted out of class participation in the above-referenced class action because:

(1) The class and/or collective action related to overtime compensation, but Plaintiff was not properly paid his actual hourly rate properly for 2 years, and the settlement would have precluded him from seeking relief for his properly hourly rate;

(2) The class and/or collective action identified the settlement would only be through September 13, 2018, but Plaintiff has not been paid his proper pay rate or for overtime even through the present (nearly 4 months **after** he would be agreeing to a settlement end date and continuing); and

(3) The class action was based only upon records maintained by Defendants, but Defendants records were not correct.

23. Had Plaintiff not opted out, he would only receive a mere fraction of owed income outlined at length *infra*. The above reasons are only examples of reasons Plaintiff opted out and are not intended to be an exhaustive list. *See* Opt-Out Notice, attached hereto as "Exhibit A."

24. The reference to prior litigation of Defendants is critical because since 2017 (during litigation), Defendants have: (1) *been on notice* of their unlawful payroll system; (2) ignored repeated complaints by Plaintiff to Defendants' payroll management about non-payment

5

of his wages and overtime properly; (3) refused to make any changes to the manner in which they process payroll for Aides (ostensibly finding it cheaper to defend continual litigation than pay employees correctly or in accordance with state or federal law(s)); and (4) continue to process payroll in-house within Defendants manipulating payroll data on paystubs evidencing knowing concealment of deprived wages and overtime.

25. Defendants have for years during Plaintiff's employment through the present literally just determined what they choose to pay him in a particular week. After doing so, Defendants then manipulated numbers and categories of income to give the impression it was somehow properly calculating anything. By way of examples, Plaintiff cites below to a various pay stubs with analysis during the last several years as follows:

(1) Attached hereto as "Exhibit B" is a Pay Stub for Pay Period: 9/3/17 to 9/9/17 (Check Issue Date: 9/15/17). Plaintiff is identified in this 1-week timeframe as working 84 hours, being paid $396.00 for 40 hours and then being paid $653.84 for 44 hours of overtime (in an 84-hour workweek). **But**:

a. $396.00 divided by 40 hours is a pay rate of $9.91 meaning Plaintiff was shorted $2.84 per hour or $113.60 in his entire paycheck for this week for his first 40 hours alone (as he was earning $12.75 per hour at this time); and

b. $653.84 divided by 44 overtime hours is $14.86 per hour. Plaintiff was not paid at a rate of time and one half of $12.75 per hour for any hours of overtime.[1] Plaintiff was thus shorted at least $187.66 in this paycheck in

---

[1] Even under state law (the Pennsylvania Minimum Wage Act – "PMWA"), it was absolutely mandatory that Plaintiff receive no less than $12.75 x 1.5 per hour (at $19.125 per hour) for all overtime hours. *See e.g. Verderame v. Radioshack Corp.*, 31 F.Supp. 3d 702, 708-709 (E.D. Pa. 2014)(Goldberg, J.)(while the FLSA has various provisions allowing for 1/2 to be paid for overtime in *certain* scenarios, § 231.43(d)(3) of the PMWA mandates overtime be paid at a rate of time and one half times all hours of overtime worked). *See also Turner v. Mercy Health System*, 2010 Phila. Ct. Com. Pl. LEXIS 146, 2010 WL 6761223 (Pa. Comm. Pl. Ct. 2010)(mandating payment of overtime under the PMWA at 1.5 times, not half time, explaining "upon review of 34 Pa.Code § 231.43(d) in its entirety, there is no exception to the definition of workweek, nor is there an exception to the requirement that employees who work more than 40 hours during the workweek are entitled to at least one and a half times their regular rate."); *Foster v. Kraft Foods Global, Inc.*, 285 F.R.D. 343 (W.D. Pa. 2012)(overtime under the PMWA must be paid at a rate one and half, not half time as sometimes permitted in circumstances under the FLSA; *Cerutti v. Frito Lay, Inc.*, 777 F. Supp. 2d 920 (W.D. Pa. 2011)(same).

overtime compensation alone (constituting violations of the FLSA and PMWA).

(2) Attached hereto as "Exhibit C" is a Pay Stub for Pay Period: 9/30/18 to 10/06/18 (Check Issue Date: 10/12/18). This check was issued nearly a year *following* litigation for wage violations on a class basis **and** for a payroll period *after* inclusion of class settlement. Plaintiff is identified in this 1-week timeframe as working 112 hours, being paid $401.20 for 40 hours and then being paid $1082.88 for 72 hours of overtime (in a 112-hour workweek). **But**:

a. $401.20 divided by 40 hours is a pay rate of $10.03 per hour meaning Plaintiff was shorted $3.72 per hour or $148.80 in his entire paycheck for this week for his first 40 hours (as he was earning $13.75 per hour at this timeframe); and

b. $1082.88 divided by 72 overtime hours is $15.04 per hour. Plaintiff was not paid at a rate of time and one half of $13.75 per hour for any hours of overtime (his then current base hourly rate). Plaintiff was thus shorted at least $402.12 in this paycheck in overtime compensation alone (constituting violations of the FLSA and PMWA).

26. The above 2 paystubs are only examples, but they are reflective of how Plaintiff was illegally paid each and **every** pay-week of his employment. Defendants failed to properly pay Plaintiff his actual owed wages and in accordance with his proper overtime calculations **every** single week of his employment.

27. As reflected above, Defendants have refused: (a) to have their payroll externally managed; (b) to fix their illegal skimming of employee wages and overtime; and (c) have done so on an ongoing basis *in the face of class-action litigation spelling out legal obligations* despite same being obvious.

28. Plaintiff was compelled to opt out as aforesaid of any proposed class settlement because he is owed wages and overtime not encompassed in the proposed resolution. Moreover,

Plaintiff in total is owed in excess of $75,00.00 with liquidated damages[2] for 101 weeks of unlawful pay (and counting). Notably, state wage law permits the recovery of liquidated damages for underpayment of wages in the first 40-hour workweek and federal law permits liquidated damages for all unpaid overtime (over 40 hours per week).

29. Defendant Igwe is personally has and continues to oversee operations, has been a high-level manager and owner, condoned and perpetuated unlawful pay to employees and evaded wage or overtime obligations. Defendant Igwe was aware of such violations, caused such violations, and exercised full control over the illegal schemes as aforesaid. He also refused to implement measures to correct such unlawful pay schemes and is thus personally liable for such claims herein.[3]

---

[2] *See e.g. Solis v. Min Fang Yang*, 345 Fed. Appx. 35 (6th Cir. 2009)(Affirming award of liquidated damages explaining "under the Act, liquidated damages are compensation, not a penalty or punishment, and no special showing is necessary for the awarding of such damages. Rather, they are considered the norm and have even been referred to by this court as mandatory."); *Gayle v. Harry's Nurses Registry, Inc.*, 594 Fed. Appx. 714, 718 (2d Cir. 2014)(Affirming award of liquidated damages explaining there is an automatic "presumption" of liquidated damages and "double damages are the **norm,** single damages the exception," as the burden to avoid liquidated damages is a "difficult burden."); *Haro v. City of Los Angeles*, 745 F.3d 1249 (9th Cir. 2014)(Affirming award of liquidated damages explaining they are the "norm" and "mandatory" unless the employer can establish the very "difficult burden" of subjective and objective attempts at FLSA compliance); *Chao v. Barbeque Ventures, LLC*, 547 F.3d 938, 942 (8th Cir. 2008)(Affirming award of liquidated damages explaining that the employer mistakenly argues its non-compliance was not willful, misunderstanding the high burden to show affirmative steps of attempted compliance and research of the FLSA and separately that its diligence and belief in non-payment of overtime was also objectively reasonable.); *Chao v. Hotel Oasis, Inc.*, 493 F.3d 26 (1st Cir. 2007)(Affirming award of liquidated damages explaining that they will always be considered the "norm" in FLSA cases); *Lockwood v. Prince George's County*, 2000 U.S. App. LEXIS 15302 (4th Cir. 2000)(Affirming award of liquidated damages explaining they are the "norm" and that an employer may not take an ostrich-like approach and refuse to research its obligations under the FLSA and to objectively explain why it failed to comply with the FLSA); *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399 (7th Cir. 1999)(Reversing the district court for not awarding liquidated damages, as doubling unpaid overtime is the rule, not an exception); *Nero v. Industrial Molding Corp.*, 167 F.3d 921 (5th Cir. 1999)(Affirming award of liquidated damages, as there is a presumption of entitlement to liquidated damages which are the norm).

[3] *See e.g. Haybarger v. Lawrence Cty. Adult Prob. & Parole*, 667 F.3d 408, 414 (3d Cir. 2012)(managers and corporate officers exercising control over wages are appropriate defendants under the FLSA and may be individually liable for such violations).

## Count I
### Violations of the Fair Labor Standards Act ("FLSA")
(Failure to Pay Overtime)
- Against All Defendants -

30. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

31. Defendants have and continue to be an enterprise and employer under the FLSA, and Defendants had a clear responsibility to pay Plaintiff overtime compensation.

32. Plaintiff was not properly paid for all owed overtime as explained *supra*. And such actions constitute indefensible violations of the Fair Labor Standards Act ("FLSA").

## Count II
### Violations of the Pennsylvania Minimum Wage Act ("PMWA")
(Failure to Pay Overtime Compensation)
- Against All Defendants -

33. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

34. Plaintiff was not properly paid for all owed overtime as explained *supra*. And such actions constitute indefensible violations of the Pennsylvania Minimum Wage Act ("PMWA"), also permitting individual liability.

## Count III
### Violations of the Pennsylvania Wage & Collection Law ("PWCL")
(Failure to Pay Full Wage(s) Owed)
- Against All Defendants -

35. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

36. Plaintiff was not paid his correct hourly rated during the course and scope of his employment with Defendants for working 40-hour work weeks.

9

37.  Defendants are liable for failing to pay Plaintiff at his $12.75 and $13.75 per hour pay rates when obligated during his period of employment.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.  Defendants are to promulgate and adhere to a policy prohibiting wage and overtime and wage violations;

B.  Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' wrongful actions, including but not limited to all owed wages, overtime, and other applicable compensation;

C.  Plaintiff is to be awarded actual damages to which he legally entitled beyond those already specified herein;

D.  Plaintiff is to be awarded liquidated damages as permitted by applicable law;

E.  Plaintiff is to be accorded other equitable relief as the Court deems just, proper, and appropriate;

F.  Plaintiff is to be awarded the costs and expenses of this action and a reasonable attorney's fees if permitted by applicable law; and

G.  Plaintiff is permitted to have a trial by jury.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

Ari R. Karpf, Esquire
3331 Street Road
Building 2, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated: January 21, 2019

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR TH EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LISANDRA GONZALEZ, individually and on behalf of all persons similarly situated<br><br>Plaintiff,<br><br>v.<br><br>VERITAS CONSULTANT GROUP, LLC, d/b/a MORAVIA HEALTH NETWORK<br><br>Defendant. | CIVIL ACTION NO.: 17-CV-1319 |

## **OPT-OUT NOTIFICATION**

I, Vernon Washington-Johnson, do hereby opt out of the above-captioned class action and any applicable class-action settlement. I was informed in writing I have until February 18, 2018 to provide this notice. I do not want or intend to be bound by any settlement in the above-captioned matter, as I intend and will proceed individually concerning my own legal rights. My personal information as requested for any opt-out notification is as follows:

Vernon L.F. Washington-Johnson
1658 Haworth Street, Philadelphia, PA 19124
Phone Number: (267) 206-4574
E-mail: shaekur215@yahoo.com

All of my above information should remain on file, as I remain a current employee of the above-captioned Defendant as well. Thank you.

Date: 1/15/19

Vernon L.F. Washington-Johnson

# Exhibit B

MORAVIA HEALTH
1500 WALNUT ST
STE 1900
PHILADELPHIA PA  19102-3509

ORG1: 200 Aide
EE ID: 1408      DD

VERNON WASHINGTON-JOHNSON
2213 S 63 ST
PHILADELPHIA PA  19142

**NON-NEGOTIABLE**

**NON-NEGOTIABLE**

BANK OF AMERICA
PAYABLE IF DESIRED AT:
ALL BANK OF AMERICA BANKS

### PERSONAL AND CHECK INFORMATION
Vernon Washington-Johnson
2213 S 63 St
Philadelphia, PA  19142
**Soc Sec #:** xxx-xx-xxxx   **Employee ID:** 1408

**Home Department:** 200 Aide

**Pay Period:** 09/03/17 to 09/09/17
**Check Date:** 09/15/17   **Check #:** 3334

### NET PAY ALLOCATIONS

| DESCRIPTION | THIS PERIOD ($) | YTD ($) |
|---|---|---|
| Check Amount | 0.00 | 9414.30 |
| Chkg 4032 | 784.91 | 6042.94 |
| **NET PAY** | **784.91** | **15457.24** |

### EARNINGS

| DESCRIPTION | HRS/UNITS | RATE | THIS PERIOD ($) | YTD HOURS | YTD ($) |
|---|---|---|---|---|---|
| Hourly | 40.00 | | 396.40 | 625.00 | 6857.00 |
| Salary | | | | 480.00 | 5073.60 |
| Overtime | 44.00 | | 653.84 | 518.50 | 8188.10 |
| **Total Hours** | 84.00 | | | 1623.50 | |
| **Gross Earnings** | | | 1050.24 | | 20118.70 |
| **Total Hrs Worked** | 84.00 | | | | |

### WITHHOLDINGS

| DESCRIPTION | FILING STATUS | THIS PERIOD ($) | YTD ($) |
|---|---|---|---|
| Social Security | | 65.12 | 1247.36 |
| Medicare | | 15.23 | 291.72 |
| Fed Income Tax | S 3 | 111.14 | 1706.83 |
| PA Income Tax | | 32.24 | 617.72 |
| PA Unemploy | | 0.74 | 14.07 |
| PA PHILA-Phi Inc | | 40.86 | 783.76 |
| **TOTAL** | | 265.33 | 4661.46 |

| NET PAY | THIS PERIOD ($) | YTD ($) |
|---|---|---|
| | **784.91** | **15457.24** |

Payrolls by Paychex, Inc.

0940 1406-8171  Moravia Health • 1500 Walnut St • STE 1900 • Philadelphia PA  19102-3509 • (215) 717-8650

# Exhibit C

MORAVIA HEALTH
1500 WALNUT ST
STE 1900
PHILADELPHIA PA 19102-3509

ORG1:200 Aide
EE ID: 1408    DD

VERNON WASHINGTON-JOHNSON
2213 S 63 ST
PHILADELPHIA PA 19142

**NON-NEGOTIABLE**

**NON-NEGOTIABLE**

BANK OF AMERICA
PAYABLE IF DESIRED AT:
ALL BANK OF AMERICA BANKS

| PERSONAL AND CHECK INFORMATION | | |
|---|---|---|
| Vernon Washington-Johnson | | |
| 2213 S 63 St | | |
| Philadelphia, PA 19142 | | |
| Soc Sec #: xxx-xx-xxxx | Employee ID: 1408 | |
| Home Department: 200 Aide | | |
| Pay Period: 09/30/18 to 10/06/18 | | |
| Check Date: 10/12/18 | Check #: 26746 | |

**NET PAY ALLOCATIONS**

| DESCRIPTION | THIS PERIOD ($) | YTD ($) |
|---|---|---|
| Check Amount | 0.00 | 0.00 |
| Chkg 4032 | 1086.41 | 42617.46 |
| **NET PAY** | **1086.41** | **42617.46** |

**EARNINGS**

| DESCRIPTION | HRS/UNITS | RATE | THIS PERIOD ($) | YTD HOURS | YTD ($) |
|---|---|---|---|---|---|
| Hourly | 40.00 | | 401.20 | 1640.00 | 16584.80 |
| Overtime | 72.00 | | 1082.88 | 2748.00 | 41558.84 |
| Total Hours | 112.00 | | | 4388.00 | |
| Gross Earnings | | | 1484.08 | | 58143.64 |
| Total Hrs Worked | 112.00 | | | | |

**WITHHOLDINGS**

| DESCRIPTION | FILING STATUS | THIS PERIOD ($) | YTD ($) |
|---|---|---|---|
| Social Security | | 92.02 | 3604.91 |
| Medicare | | 21.52 | 843.08 |
| Fed Income Tax | S 3 | 180.08 | 6998.29 |
| PA Income Tax | | 45.56 | 1784.97 |
| PA Unemploy | | 0.89 | 34.89 |
| PA PHILA-Phi Inc | | 57.60 | 2260.04 |
| **TOTAL** | | 397.67 | 15526.18 |

| NET PAY | THIS PERIOD ($) | YTD ($) |
|---|---|---|
| | 1086.41 | 42617.46 |

Payrolls by Paychex, Inc.

0940 1406-8171  Moravia Health • 1500 Walnut St • STE 1900 • Philadelphia PA 19102-3509 • (215) 717-8650

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Vernon Washington-Johnson          :      **CIVIL ACTION**

         v.

Veritas COnsultant Group, LLC d/b/a Moravia Health Network, et al.    **NO.**

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| 1/21/2019 | *[signature]* | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __1658 Haworth Street, Philadelphia, PA 19124__

Address of Defendant: __1500 Walnut Street, Suite 1900, Philadelphia, PA 19102__

Place of Accident, Incident or Transaction: __Defendants place of business__

---

**RELATED CASE, IF ANY:**

Case Number: __17-1319__   Judge: __Magistrate Judge Timothy R. Rice__   Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? — Yes ☐   No ☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? — Yes ☒   No ☐
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? — Yes ☐   No ☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? — Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☐ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __1/21/2019__   _____   ARK2484 / 91538
                      Attorney-at-Law / Pro Se Plaintiff   Attorney I.D. # (if applicable)

---

**CIVIL:** (Place a √ in one category only)

**A.  Federal Question Cases:**
☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☒ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
(Please specify): _____

**B.  Diversity Jurisdiction Cases:**
☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury (Please specify): _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases
(Please specify): _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, __Ari R. Karpf__, counsel of record or pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: __1/21/2019__   _____   ARK2484 / 91538
                      Attorney-at-Law / Pro Se Plaintiff   Attorney I.D. # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
WASHINGTON-JOHNSON, VERNON

### DEFENDANTS
VERITAS CONSULTANT GROUP, LLC, d/b/a MORAVIA HEALTH NETWORK, ET AL.

(b) County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated or Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated and Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- 110 Insurance
- 120 Marine
- 130 Miller Act
- 140 Negotiable Instrument
- 150 Recovery of Overpayment & Enforcement of Judgment
- 151 Medicare Act
- 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- 153 Recovery of Overpayment of Veteran's Benefits
- 160 Stockholders' Suits
- 190 Other Contract
- 195 Contract Product Liability
- 196 Franchise

**REAL PROPERTY**
- 210 Land Condemnation
- 220 Foreclosure
- 230 Rent Lease & Ejectment
- 240 Torts to Land
- 245 Tort Product Liability
- 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- 310 Airplane
- 315 Airplane Product Liability
- 320 Assault, Libel & Slander
- 330 Federal Employers' Liability
- 340 Marine
- 345 Marine Product Liability
- 350 Motor Vehicle
- 355 Motor Vehicle Product Liability
- 360 Other Personal Injury
- 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- 440 Other Civil Rights
- 441 Voting
- 442 Employment
- 443 Housing/ Accommodations
- 445 Amer. w/Disabilities - Employment
- 446 Amer. w/Disabilities - Other
- 448 Education

PERSONAL INJURY
- 365 Personal Injury - Product Liability
- 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- 370 Other Fraud
- 371 Truth in Lending
- 380 Other Personal Property Damage
- 385 Property Damage Product Liability

**PRISONER PETITIONS**
Habeas Corpus:
- 463 Alien Detainee
- 510 Motions to Vacate Sentence
- 530 General
- 535 Death Penalty
Other:
- 540 Mandamus & Other
- 550 Civil Rights
- 555 Prison Condition
- 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- 625 Drug Related Seizure of Property 21 USC 881
- 690 Other

**LABOR**
- [X] 710 Fair Labor Standards Act
- 720 Labor/Management Relations
- 740 Railway Labor Act
- 751 Family and Medical Leave Act
- 790 Other Labor Litigation
- 791 Employee Retirement Income Security Act

**IMMIGRATION**
- 462 Naturalization Application
- 465 Other Immigration Actions

**BANKRUPTCY**
- 422 Appeal 28 USC 158
- 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- 820 Copyrights
- 830 Patent
- 835 Patent - Abbreviated New Drug Application
- 840 Trademark

**SOCIAL SECURITY**
- 861 HIA (1395ff)
- 862 Black Lung (923)
- 863 DIWC/DIWW (405(g))
- 864 SSID Title XVI
- 865 RSI (405(g))

**FEDERAL TAX SUITS**
- 870 Taxes (U.S. Plaintiff or Defendant)
- 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- 375 False Claims Act
- 376 Qui Tam (31 USC 3729(a))
- 400 State Reapportionment
- 410 Antitrust
- 430 Banks and Banking
- 450 Commerce
- 460 Deportation
- 470 Racketeer Influenced and Corrupt Organizations
- 480 Consumer Credit
- 490 Cable/Sat TV
- 850 Securities/Commodities/ Exchange
- 890 Other Statutory Actions
- 891 Agricultural Acts
- 893 Environmental Matters
- 895 Freedom of Information Act
- 896 Arbitration
- 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FLSA (29USC201)
Brief description of cause:
Violations of the FLSA and applicable state law(s).

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE: Magistrate Judge Timothy R. Rice
DOCKET NUMBER: 17-cv-1319

DATE: 1/21/2019
SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**
RECEIPT #    AMOUNT    APPLYING IFP    JUDGE    MAG. JUDGE

[Print]  [Save As...]  [Reset]